**Jackson Walker LLP**  **Bell Nunnally & Martin LLP**
1401 McKinney St, Suite 1900  2323 Ross Ave., Suite 1900
Houston, TX 77010  Dallas, TX 75201

April 15, 2022

Judge George C. Hanks, Jr.  **Filed & Served via CM/ECF**
c/o Byron Thomas  & **by Email**: *cm4147@txs.uscourts.gov*
Case Manager
515 Rusk Street, Room 5300
Houston, TX 77002

Re: ***Joint Discovery Dispute Letter***: *EasyKnock, Inc., et al. v. Feldman & Feldman, P.C., et al.;* CA No. 4:21-cv-03669; USDC, Southern District of Texas, Houston Division.

Dear Judge Hanks:

Pursuant to *Court Procedures* Rule 6(e), and at Magistrate Judge Edison's direction at the Initial Conference held on April 14, 2022, Plaintiffs and Defendants submit this joint discovery dispute letter to the Court. Defendants seek a further stay of discovery; Plaintiffs are opposed.

**A.  Defendants' Statement of the Discovery Dispute**

At the Initial Conference, Defendants reiterated their position, as set forth in the joint discovery/case management plan [Dkt. 46], that discovery in this case should be stayed until after the Court rules on Defendants' Motion to Dismiss for Failure to State a Claim, or Alternatively, to Stay or Abate this Proceeding. ("Motion to Dismiss") [Dkt. 42]. In recognition of this request, Judge Edison stated on the record that a stay of discovery is in effect until the Court rules on Defendants' request for a formal stay of discovery.

Counsel for the parties have discussed a stay on numerous occasions, including during a meet and confer telephone call on March 23, 2022 (John Edwards for Defendants, Chris Trowbridge/Saba Syed for Plaintiffs), by subsequent emails regarding the joint discovery/case management plan over the following week (same counsel), and again by email after the Initial Conference (same counsel). At all such times, Plaintiffs' position has not changed – there should be no stay of discovery pending a ruling on the Motion to Dismiss.

As Defendants have fully briefed with respect to their Motion to Dismiss, this case implicates important constitutional free speech rights, and on the multiple grounds presented, should be dismissed under Rule 12(b)(6). Indeed, this Court previously denied Plaintiffs' motion for temporary restraining order, in part based on the finding that the speech at issue is non-actionable opinion.

Discovery before a ruling on the Motion to Dismiss would not only be potentially wasteful of time and resources, but is highly likely, if not certain, to intrude into attorney-client and work

product privileges applicable to Defendants' work on behalf of clients/plaintiffs who have sued EasyKnock in over 20 cases currently pending in federal courts throughout Texas. Indeed, in the joint discovery/case management plan, Plaintiffs not only identify Defendants' clients as deposition targets, but also potentially adding Defendants' co-counsel in the multiple cases against EasyKnock, Robin Zeik, as a defendant in this case. EasyKnock has even filed a grievance against Cris Feldman, which has been summarily dismissed, and has encouraged others to do so as well. Clearly, this case is a stalking horse and litigation tactic to gain advantage in collateral litigation, and thus a stay of discovery would be proper.

Plaintiffs' contention that an "indefinite delay" is sought is simply not true, nor is there any prejudice created by a brief stay to allow the Court to rule.

### B.      Plaintiffs' Statement of the Discovery Dispute

Plaintiffs filed this case on November 8, 2021; the DCO sets trial for August or September 2023. The timely prosecution of this lawsuit is of critical importance to Plaintiffs because Defendants' defamation and tortious interference is a direct attack on Plaintiffs' entire business model and has caused substantial damage. Plaintiffs need sufficient time to conduct discovery so that they can present their case on the current trial date. The discovery includes initial disclosures, written discovery of the parties, third-party discovery, and depositions. Any discovery of plaintiffs in the related cases concern communications *before* the attorney-client relationship with Feldman was formed. Privilege does not and should not prevent discovery in this instance. Plaintiffs also intend to depose Robin Zeik to determine whether she should be added as a party to this case.

This lawsuit is not a litigation tactic; to the contrary, it addresses Defendants' false attacks on Plaintiffs' business model, resulting in the numerous lawsuits referenced by Defendants.

A stay of discovery would prejudice Plaintiffs in a variety of ways: (1) it would indefinitely delay Plaintiffs' ability to prosecute their case; (2) it would narrow the window available to Plaintiffs to discover their case; (3) it would hinder the possibility of early case resolution and settlement because Defendants represented in their joint plan that any settlement discussions "should await a ruling on a pending potentially dispositive motion . . ." (ECF No. 46, Section 15) whereas discovery could push the parties to discuss settlement earlier; and (4) it presumes that an order denying Plaintiffs' application for temporary injunction is equivalent to an order granting Defendants' Motion. It is not. An application for injunctive relief presents different legal analysis that is not present in a motion to dismiss. Further, a motion to dismiss places a more challenging burden of proof on the Defendants. Finally, at the initial conference, Judge Edison confirmed that discovery should generally *not* be stayed pending a ruling on a motion to dismiss. While exceptions to this general rule exist, the grounds Defendants offer to support such an exception do not exist. Rather, Defendants only justify their request for a stay by contending that the merits of their Motion to Dismiss override Plaintiffs' right to discovery.

In summary, Defendants request a continued stay of discovery, and Plaintiffs are opposed. The parties request the Court rule on this discovery dispute.

| | |
|---|---|
| By: */s/ Charles L. Babcock*<br>Charles L. Babcock<br>Attorney-in-charge<br>Texas Bar No. 01479500<br>cbabcock@jw.com<br>John K. Edwards<br>Texas Bar No. 24002040<br>jedwards@jw.com<br><br>**JACKSON WALKER LLP**<br>1401 McKinney St, Suite 1900<br>Houston, TX 77010<br>(713) 752-4210<br>(713) 308-4110 – Facsimile<br><br>**ATTORNEYS FOR DEFENDANTS** | By: */s/ Christopher B. Trowbridge*<br>Christopher B. Trowbridge<br>Attorney-in-charge<br>Texas Bar No. 24008182<br>ctrowbridge@bellnunnally.com<br>Kristopher D. Hill<br>Texas Bar No. 24066674<br>khill@bellnunnally.com<br>Saba F. Syed<br>Texas Bar No. 24088497<br>ssyed@bellnunnally.com<br>Scott R. Larson<br>Texas Bar No. 24097971<br>slarson@bellnunnally.com<br><br>**BELL NUNNALLY & MARTIN LLP**<br>2323 Ross Ave., Suite 1900<br>Dallas, TX 75201<br>(214) 740-1400<br>(214) 740-1499 – Facsimile<br><br>**ATTORNEYS FOR PLAINTIFFS** |